Louis Schifrin, J.
The defendant was charged with and tried without a jury for a violation of section 245.11 of1 the Penal Law. This section, together with section 245.10, which sets forth the definitions applicable to section 245.11, were enacted into the Penal Law effective September 1, 1971 by chapter 962 of the Laws of 1971.
Since its enactment, only one case has, so far as I have been able to determine, reached trial and decision, and the opinion in that case, People v. Lou Bern Broadway, Inc., rendered by my colleague, Judge Irving Lang, is reported at 68 Misc 2d 112.
*759 The legislative purpose in enacting the law is stated in the preamble (L. 1971, ch. 962) as follows: “It is hereby declared that public displays of photographs, drawings and similar visual material depicting nudity, sexual conduct, and sado-masochistic activities and that appeal predominantly to prurient interest in sex are offensive to passersby when readily visible from public thoroughfares. Regardless whether such public displays are ‘ obscene ’ within the meaning of the penal law and constitutional law, they are not constitutionally protected, because they are thrust indiscriminately upon unwilling audiences of adults and children, and constitute assaults upon individual privacy. Accordingly, it is the objective of this Act to protect users of public thoroughfares from unwanted subjection to such displays.”
In accordance with this expressed legislative intent, there was enacted section 245.11 which reads as follows: “A person is guilty of public display of offensive sexual material when, with knowledge of its character and content, he displays or permits to be displayed in or on any window, showcase, newsstand, display rack, wall, door, billboard, display board, viewing screen, marquee or similar place, in such manner that the display is easily visible from or in any public street, sidewalk or thoroughfare or transportation facility, any pictorial, three-dimensional or other visual representation of a person or a portion of the human body that predominantly appeals to prurient interest in sex, and that:
“ (a) depicts nudity, or actual or simulated sexual conduct or sado-masochistic abuse; or
“(b) depicts or appears to depict nudity, or actual or simulated sexual conduct or sado-masochistic abuse, with the area of the male or female subject’s unclothed or apparently unclothed genitals, pubic area or buttocks, or of the female subject’s unclothed or apparently unclothed breast, obscured by a covering or mark placed or printed on or in front of the material displayed, or obscured or altered in any other manner.”
In discussing the statute Judge Lang stated (p. 115): ‘ ‘ That public display of explicit sexual materials is a source of State and National concern hardly needs documentation. Indeed the statute being challenged not only expresses such concern in its preamble but follows the recommendations of the Presidential Commission on Obscenity and Pornography, which, while urging noninterference with the people who wish to read, obtain or view explicit sexual materials, recommended *760 ‘ legislation to protect persons from having sexual material thrust upon them without their consent through the mails or through open public display ’ (Report of the Commission on Obscenity and Pornography, p. 57, Bantam ed., 1970).”
The defendant is the president and principal officer of a corporation which operates a store on Westchester Avenue in Bronx County, a business street which is lined with many stores catering to the public. The store is operated as a variety shop which sells patches, water pipes, incense, medals and medallions, clothing and a variety of other items which both the District Attorney in his brief, and the defendant in his, have indicated are youth oriented or designed for today’s youth.
The police officer testified that acting upon a complaint, he and several other policemen went to the premises and from the street saw a patch in the front window facing the thoroughfare ; that the patch was displayed in the middle of the display in ■the window, which had a number of different items; that the patch was an ‘ ‘ arm patch, something like a military arm patch ’ ’; that he asked the defendant to remove the patch from the window and the defendant did so and gave it to him; that he did not recall .seeing any other patches in the window; that when he observed the patch he was standing directly in front of the window; that the window was about three feet deep and about six feet wide and the patch was approximately in the middle of the floor of the window, the floor being about three feet from the sidewalk.
The defendant’s testimony differed from the police officer’s testimony to the extent only that the window was six feet long by four deep, and that the patch was mingled with other patches.
The patch was described as a weaving process showing a silhouette of a man and a woman. It represents, in outline, what is coarsely described as a “69 ” position. While each of the witnesses gave estimates of the dimensions, the outside dimensions of the patch are actually 2 inches by 1% inches and the silhouette or woven portion of the patch is considerably smaller.
Even if I were to assume that the patch was a visual representation of a person or a portion of the human body, as proscribed by the statute (for certainly it is not pictorial or three-dimensional), and even if I were to assume that its predominant appeal is to a prurient interest in sex and that it depicts simulated sexual conduct, I do not believe that it was the intention of the Legislature to proscribe the type of display involved here. What the act intends, as stated in the preamble, is the inflis *761 criminate thrust upon unwilling audiences. The size of the patch, its location in the window in the middle of a variety of other articles makes it so unobtrusive as to make is virtually impossible for it to be seen by unwilling audiences. Rather, it would seem to me that the act was intended to prohibit the display of such material as was involved in Lou Bern, Inc. (68 Misc 2d 112, supra).
Having reached this conclusion it is unnecessary to review the other points raised by counsel.
The defendant is acquitted.